# In the United States Court of Federal Claims

No. 20-1530C
Filed: April 23, 2021

```
* * * * * * * * * * * * * * * * *  *
                                   *
SHELTON VANOVER,                   *
                                   *
             Plaintiff,            *
                                   *
      v.                           *
                                   *
UNITED STATES,                     *
                                   *
             Defendant.            *
                                   *
* * * * * * * * * * * * * * * * *  *
```

**Shelton Vanover**, pro se, Bruceton Mills, W.V.

**Albert S. Iarossi**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **L. Misha Preheim**, Assistant Director, and **Brian Boynton**, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

## O R D E R

**HORN, J.**

### FINDINGS OF FACT

Pro se plaintiff, Shelton Vanover, filed a brief complaint in the above-captioned case in the United States Court of Federal Claims on November 2, 2020, titled: "Civil Complaint for Judicial Review in Accordance with Title 5 U.S.C. §702 Within the Meaning of Title 28 U.S.C. §1491(a)(1)," seeking review of a decision by "United States District Judge for the Northern Judicial District of Florida Robert L. Hinkle in case number 4:12-cr-00031-RLH," and to recover monetary relief.

On October 28, 2015, Judge Hinkle issued an Order, which stated, in part:

The defendant Sheldon L. Vanover has moved under 28 U.S.C. § 2255[1] for relief from his judgment of conviction. The motion is before the court on

---

[1] Section 2255 of Title 28 is titled "Federal custody; remedies on motion attacking sentence," and states, in part:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence,

the magistrate judge's report and recommendation,[2] and the objections. I have reviewed de novo the issues raised by the objections. This order adopts the report and recommendation as the court's opinion, with these additional notes.

---

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(b) Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

(c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

(d) An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

(e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (2018).

[2] The earlier decision by the Magistrate Judge concluded: "Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety." United States v. Vanover, No. 4:12CR31/RH/GRJ, 2015 WL 13743799, at *5 (N.D. Fla. July 17, 2015), report and recommendation adopted, No. 4:12CR31-RH/GRJ, 2015 WL 6509125 (N.D. Fla. Oct. 28, 2015).

> Mr. Vanover's career-offender claim, now cast in terms of ineffective assistance, is unfounded. As set out in the order of July 31, 2013, Mr. Vanover was properly treated as a career offender.
>
> Mr. Vanover's assertion that he was offered a plea agreement under which he would not be treated as a career offender also provides no ground for relief.

United States v. Vanover, No. 4:12-CR-31-RH/GRJ, 2015 WL 6509125, at *1 (N.D. Fla. Oct. 28, 2015) (internal citations omitted).[3]

> Plaintiff's complaint in the United States Court of Federal Claims states:
>
> Now comes Shelton Vanover from herein the Plaintiff who asserts his legislative Right to Judicial Review in accordance with Title 5 U.S.C §702 pursuant to the Plaintiff's current suffering of legal wrong by the action of United States District Judge for the Northern Judicial District of Florida Robert L. Hinkle in case number 4:12-cr-00031-RLH whom has acted under the color of legal authority committing the Plaintiff into the custody of the Attorney General of the United States constituting the United States as an indispensable party, thus within the meaning of Title 28 U.S.C §1491(a)(1) the United States' commitment of the Plaintiff into the custody of the Attorney General of the United States is founded on judicial acts not in accordance with the Constitution of the United States and not in accordance with the Acts of Congress for alleged offense(s) against the Laws of the United States purportedly committed within the legislative territorial jurisdiction of the State of Florida.

---

[3] By way of background, a different federal district court explained:

> On September 20, 2012, Vanover pleaded guilty to three counts of distribution of crack cocaine in the United States District Court for the Northern District of Florida. The court sentenced Vanover to a total of 188 months' imprisonment on all counts to run concurrently. Vanover filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit, but he subsequently dismissed that appeal.

Vanover v. Flournoy, No. 2:17-CV-74, 2017 WL 4849107, at *1 (S.D. Ga. Oct. 26, 2017) (internal references omitted), report and recommendation adopted, 2017 WL 6210509 (S.D. Ga. Dec. 8, 2017), appeal dismissed sub nom. Vanover v. Warden, 2018 WL 3197842 (11th Cir. May 15, 2018). Mr. Vanover was "incarcerated at the Federal Correctional Institution in Jesup, Georgia" when he filed a petition for writ of habeas corpus in the Vanover v. Flournoy case. See id. As discussed below, Mr. Vanover also raises a request for a writ of habeas corpus in the above captioned case.

3

In addition, plaintiff's complaint in the United States Court of Federal Claims states:

> The Plaintiff asserts his guaranteed protection of the 5th Amendment of the Constitution of the United States' Due Process Clause against the United States in accordance with the fact that the Plaintiff's liberty and property have been taken by an [sic] United States Agency void constitutional power and void legislative authority to legally convict and sentence the Plaintiff for alleged acts allegedly committed within the legislative territorial jurisdiction of the State of Florida constituting a legal wrong currently being suffered by the Plaintiff.

In this court, plaintiff asserts that "he is in currently committed under the custody of the Attorney General of the United States pursuant to "1. Title 18 U.S.C §3041, 2. Title 18 U.S.C §3142(i)(2), and 3. Title 18 U.S.C § 3553(b) under the color of legal authority in accordance with Title 28 U.S.C §2241(c)(1)." (emphasis in original). Plaintiff contends that he is committed to custody contrary to the "Constitution of the United States' Article I Section 8 Clause 10, Article I Section 8 Clause 17, Article IV Section 3 Clause 2, Article VI Clause 2 and Clause 3, and not in accordance with the Bill of Rights," specifically the 4th Amendment, the 5th Amendment, the 6th Amendment, and the 13th Amendment. Plaintiff also argues that he is committed to custody contrary to the "the following federal states: 1. Title 18 U.S.C §5, 2. Title 18 U.S.C §7, 3. Title 18 U.S.C §23, 4. Title 18 U.S.C §3041, 5. Title 18 U.S.C §3142(i)(2), 6. Title 18 U.S.C §3231, and 7. Title 18 U.S.C §3553(b)." (emphases in original). In addition, the plaintiff asserts that all of the violations are in line with the Federal *habeas corpus* statute "**Title 28 U.S.C §2241(c)(3)**, thus all colorable violations , [sic] constitutional violations and federal statutory violations are in fact causing the Plaintiff injuries and legal wrongs showng [sic] this Complaint for Judicial Review is entitled to Redress." (emphasis and capitalization in original).

In the section of the complaint titled: "**DEMAND FOR RELIEF SOUGHT**," plaintiff states that he

> DEMANDS COMPENSATION IN THE AMOUNT OF $2 MILLION Dollars [sic] and in the form of a **SETOFF** where this court shall hold unlawful and set aside United States District Judge for the Northern Judicial District of Florida Robert L. Hinkle's **act of filing** a Judgement In A Criminal Case filed in proceeding case number 4:12-cr-00031-RLH in accordance with Title 5 U.S.C §706, after review of the whole record as being contrary to constitutional right, power, privilege, or immunity, and short of statutory right, and in excess of statutory jurisdiction, authority and limitations, without observance of procedure required by law unsupported by substantial evidence in a case subject to Title 5 U.S.C §§ 556 and 557. The Plaintiff further asserts an additional **DEMAND** to be **IMMEDIATELY DISCHARGED** from the custody of the Attorney General of the United States William Barr his acting agent Warden S. Lovett of Federal

4

Correctional Institution Ray Brook which is located at 128 Old Ray Brook Road, Ray Brook, NY 12977.[4]

(capitalization and emphasis in original).

In response to plaintiff's allegations, on December 22, 2020, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) (2020) of the Rules of the United States Court of Federal Claims (RCFC) for lack of subject matter jurisdiction. Defendant argues "none of the allegations contained in the complaint confer jurisdiction in this Court, and the complaint should be dismissed accordingly." Defendant argues "Mr. Vanover's complaint, even when viewed in the most deferential light possible, fails to articulate a claim that is within this Court's jurisdiction. Although the complaint identifies various Federal criminal procedure statutes (including the Federal *habeas corpus* statute) and alleges that Mr. Vanover's Fifth Amendment due process rights have been taken, none of these allegations confer jurisdiction here."

After defendant filed its motion to dismiss, on January 25, 2021, plaintiff submitted to the court a "DEMAND FOR SUMMARY JUDGMENT IN ACCORDANCE WITH RCFC 56 OF THE RCFC IN ACCORDANCE WITH THE ARTICLE I SECTION 9 CLAUSE 2 OF THE CONST. OF U.S, AND IN ACCORDANCE WITH THE BILL OF RIGHTS 5TH AMENDNENT'S DUE PROCESS CLAUSE AND TAKING CLAUSE RESPECTIVELY BOTH OF THE CONST. OF U.S[.]" (capitalization in original). In a January 27, 2021 Order, the undersigned explained it would not consider a motion for summary judgment until the court determines that the court has jurisdiction over plaintiff's claims. The court ordered plaintiff to file a response to the defendant's motion to dismiss by February 12, 2021. After plaintiff failed to do so, on February 26, 2021, the court again ordered plaintiff to file a response to the motion to dismiss. As of April 23, 2021, plaintiff has not filed a response.

## DISCUSSION

Defendant has moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) and argues that this court does not have subject matter jurisdiction to consider any of the allegations in plaintiff's complaint. The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317,

---

[4] Plaintiff subsequently informed the court he was transferred to the Hazelton federal prison in Bruceton Mills, West Virginia.

328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only."); Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional,

statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also Me. Community Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Olson v. United States, 152 Fed. Cl. 33, 40-41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is

commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."); see also Me. Community Health Options v. United States, 140 S. Ct. at 1327-28. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2) (2020); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see

8

also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Defendant correctly argues that "[t]he complaint should be dismissed because it does not properly invoke subject matter jurisdiction and a requisite waiver of sovereign immunity." Regarding plaintiff's claims filed in this court, citing to Tasby v. United States, 91 Fed. Cl. 344, 347 (2010), defendant first argues that the United States Court of Federal Claims cannot grant a writ of habeas corpus. Petitions for writs of habeas corpus, specifically, are not within this court's jurisdiction. The authority to grant a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (2018) is statutorily granted, if a prisoner is in custody, only to "the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The United States Court of Federal Claims is not included in this list of authorized courts. See 28 U.S.C. § 2241(a); Ledford v. United States, 297 F.3d at 1381 (The "habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus."); see also Rolle v. United States, 136 Fed. Cl. 140, 144 (2018); Emerson v. United States, 123 Fed. Cl. 126, 129 (2015); Leitner v. United States, 92 Fed. Cl. 220, 225 (2010) ("This Court also does not have jurisdiction to . . . issue writs of habeas corpus."). As this court does not have the power to grant a writ of habeas corpus, plaintiff's request for a writ of habeas corpus is not within the jurisdiction of this court and must be dismissed.

Plaintiff also requests

> this court shall hold unlawful and set aside United States District Judge for the Northern Judicial District of Florida Robert L. Hinkle's **act of filing** a Judgement In A Criminal Case filed in proceeding case number 4:12-cr-00031-RLH in accordance with Title 5 U.S.C §706, after review of the whole record as being contrary to constitutional right, power, privilege, or immunity, and short of statutory right, and in excess of statutory jurisdiction, authority and limitations, without observance of procedure required by law unsupported by substantial evidence in a case subject to Title 5 U.S.C §§ 556 and 557.

(capitalization and emphasis in original).

Plaintiff seeks to have this court review the merits of a criminal justice decision rendered by a Judge of the Northern Judicial District of Florida. Defendant argues this

court does not "possess the power to review or to overturn convictions, or to review in detail the facts surrounding a conviction or imprisonment." As explained by the United States Court of Appeals for the Federal Circuit: "Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citing Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir.), cert. denied, 534 U.S. 1042 (2001)). In his complaint, plaintiff cites to numerous sections of the United States Code, including multiple references to Title 18, titled, "Crimes and Criminal Procedure. The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Kenyon v. United States, 127 Fed. Cl. 767, 774 (2016), aff'd, 683 F. App'x 945 (Fed. Cir. 2017) (citing Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994)); Whiteford v. United States, 148 Fed. Cl. 111, 122 (2020); Flippin v. United States, 146 Fed. Cl. 179, 183 (2019) (citing Joshua v. United States, 17 F.3d 378); Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted))); Leitner v. United States, 92 Fed. Cl. at 224; Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)); McCullough v. United States, 76 Fed. Cl. at 4 (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal justice matters); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal justice matters), recons. denied, 73 Fed. Cl. 524 (2006). To the extent Mr. Vanover urges review of the disposition of his criminal conviction in a United States District Court or of any criminal justice matter, those claims also must be dismissed for lack of jurisdiction.

Plaintiff also attempts to raise a number of constitutional claims. Regarding plaintiff's claims under the Fourth Amendment to the United States Constitution, the United States Court of Federal Claims does not have jurisdiction over claims based on the Fourth Amendment. See Mahoney v. United States, 129 Fed. Cl. 589, 592 (2016) ("To the extent that Mr. Mahoney's claim relies upon the First and Fourth Amendments, the court lacks subject matter jurisdiction."); see also Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation."); Whiteford v. United States, 148 Fed. Cl. 111, 120 (2020), Roberson v. United States, 115 Fed. Cl. 234, 240 (2014) ("The Fourth Amendment is not money-mandating." (citing Brown v. United States, 105 F.3d at 623) ), appeal dismissed, 556 F. App'x 966 (Fed. Cir. 2014); Haka v. United States, 107 Fed. Cl. 111, 113-14 (2012); Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) ("[T]his Court does not have jurisdiction to hear claims contesting the lawfulness of a search and seizure because due process and Fourth Amendment claims are reserved to the District Court." (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))), aff'd, 682 F.3d 1364 (Fed. Cir.

2012). Therefore, the United States Court of Federal Claims does not have jurisdiction over Mr. Vanover's Fourth Amendment claims.

To the extent plaintiff's complaint raises due process claims pursuant to the Fifth Amendment to the United States Constitution, the United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d at 1028)); see also Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the [Fifth Amendment] Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he [Fifth Amendment] due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (citing Smith v. United States, 709 F.3d at 1116); Maehr v. United States, 139 Fed. Cl. 1, 3-4 (2018) (stating that Smith v. United States, 709 F.3d at 1114, "remains controlling law today"), aff'd, 767 F. App'x 914 (Fed. Cir. 2019), petition for cert. docketed, (U.S. July 11, 2019) (No. 19-5151); Zainulabeddin v. United States, 138 Fed. Cl. 492, 505 (2018) (citing LeBlanc v. United States, 50 F.3d at 1028); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 565 U.S. 1153 (2012). Therefore, the court does not have jurisdiction over plaintiff's due process claims.

Regarding plaintiff's allegation in his complaint for a violation of his rights under the Sixth Amendment to the United States Constitution, the Sixth Amendment also is not money-mandating and, therefore, jurisdiction to review these claims does not lie in the United States Court of Federal Claims. See Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) ("[T]he fourth and sixth amendments do not in themselves obligate the United States to pay money damages; and, therefore, we have no jurisdiction over such claims."); see also McCaskill v. United States, 149 Fed. Cl. 208, 211 (2020), Taylor v. United States, 139 Fed. Cl. 4, 8 (2018) (stating that "the court has determined that it does not have jurisdiction to adjudicate the Sixth Amendment claims"), aff'd, 747 F. App'x 863 (Fed. Cir. 209); Turpin v. United States, 119 Fed. Cl. 704, 707 (2015) ("To the extent that Ms. Turpin's complaint brings constitutional challenges under the Due Process Clause

and the Sixth Amendment, the Court cannot hear such claims because neither of these constitutional provisions is a money-mandating source."); Gable v. United States, 106 Fed. Cl. 294, 298 (2012) ("[T]he United States Court of Federal Claims does not have jurisdiction to adjudicate the alleged violations of Plaintiff's Sixth Amendment rights, because that constitutional provision is not money-mandating."); Treece v. United States, 96 Fed. Cl. 226, 231 (2010) (citing Milas v. United States, 42 Fed. Cl. 704, 710, aff'd, 217 F.3d 854 (Fed. Cir. 1999)). Thus, the United States Court of Federal Claims does not have jurisdiction over plaintiff's Sixth Amendment claims.

Plaintiff also appears to raise a claim of jurisdiction under the Thirteenth Amendment to the United States Constitution, however, to the extent plaintiff relies on the Thirteenth Amendment to the United States Constitution, the Thirteenth Amendment does not provide jurisdiction in this court because the Thirteenth Amendment is not money-mandating. See Pleasant–Bey v. United States, 99 Fed. Cl. 363, 367 (2011) ("[T]his court does not have jurisdiction over claims based on either the Thirteenth Amendment or Fourteenth Amendment because neither mandates the payment of money damages."), appeal dismissed, 464 F. App'x 879 (Fed. Cir. 2012); see also Hebert v. United States, 114 Fed. Cl. 590, 595 (2014); Warren v. United States, 106 Fed. Cl. 507, 511 (2012). Therefore, the United States Court of Federal Claims does not have jurisdiction over plaintiff's Thirteenth Amendment claims

## CONCLUSION

For the reasons stated above, this court lacks jurisdiction to hear any of plaintiff's claims. Defendant's motion to dismiss plaintiff's complaint is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**